UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In the matter of:

**David E. Willette,**

Debtor

Chapter 13
Case No. 15-20243

**TRUSTEE'S OBJECTION TO CONFIRMATION OF PLAN**

NOW COMES the standing Chapter 13 trustee, Peter C. Fessenden, by and through his undersigned staff attorney, and objects to confirmation of the plan (docket # 3), as follows:

1. The Debtor has made two out of three plan payments due to date. The plan is $215 in arrears with another payment of $215 due by August 13, 2015. The plan should not be confirmed unless the Debtor is current.

2. At the meeting of creditors on June 1, 2015, the trustee requested the following:

    a. A copy of the documents used in determining the $121,000 value of the Debtor's real estate listed on Schedule A;

    b. Copies of the Debtor's most recent motor vehicle insurance bill and the declarations pages from the motor vehicle insurance policy;

    c. Copies of the most recent bills or statements for the first and second mortgages on the Debtor's real estate (KeyBank and Seterus);

    d. A copy of the Debtor's 2014 federal and state income tax returns; and

    e. Documentation of the account receivable listed on Schedule B concerning the sale of a business to Barbara Davis, such as any promissory note and purchase & sale agreement.

According to the trustee's records, he has not yet received the requested information, which could be relevant to whether the plan has been proposed in good faith, satisfies the liquidation test, is feasible and provides for the Debtor to contribute his projected disposable income as required by 11 U.S.C. §§ 1325(a)(3), 1325(a)(4), 1325(a)(6) and 1325(b). Therefore, the trustee objects to confirmation on those grounds.

3. Schedule H lists Richard Willette as a codebtor. It is unclear whether he received notice of the bankruptcy case because his address is listed as a hybrid of the addresses of Attorney Scott Logan (Pearl Street) and the trustee (Brunswick).

4. According to the information provided to the trustee, the Debtor's mortgage payment is approximately $190 per month less then stated on Schedule J. The plan payment should be increased accordingly.

5. In order to satisfy the liquidation test, the plan should provide for the Debtor to contribute any recovery received from Barbara Davis.

6. The Internal Revenue Service has objected confirmation. It filed a $53,943.01 claim as follows: $43,525 secured; $1,342.34 priority; and $9,075.67 general unsecured. The plan provides for the trustee to pay a $603 priority claim to the IRS. The trustee reserves the right to review and object to any plan amendments proposed to address the IRS's objection.

WHEREFORE, the trustee respectfully requests that this Court deny confirmation of the plan, together with such other relief as this Court finds just and reasonable.

Respectfully Submitted:

Date: July 28, 2015

/s/ *William H. Sandstead*

_____
WILLIAM H. SANDSTEAD, Esq.
PETER C. FESSENDEN, Esq., Trustee
Standing Chapter 13 Trustee
Post Office Box 429
Brunswick, Maine  04011-0429
(207) 725-1300

CERTIFICATE OF SERVICE
FOR ELECTRONIC CASE FILING

I, **William Sandstead, Esq.**, hereby certify that I caused a true and correct copy of the following documents(s) to be served today on the parties listed below as follows:

**Document(s) Served:** Trustee's objection, filed herewith

**Service electronically via the Court's ECF system to**:

J. Scott Logan, Esq., Debtor's Counsel
Stephen Morrell, Esq., Assistant U.S. Trustee
*All other parties listed on N.E.F. as being served electronically.*

**Service by U.S. first class mail, postage prepaid, to:**

David E. Willette
305 Oak Hill Road
Standish, ME 04084

Signed:

Date:   July 28, 2015

*/s/ William H. Sandstead*
_____
WILLIAM H. SANDSTEAD, Esq.
PETER C. FESSENDEN, Esq., Trustee
Standing Chapter 13 Trustee
Post Office Box 429
Brunswick, Maine  04011-0429
(207) 725-1300